UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL S. TORRE** and **GERALDINE A. TORRE**, <br><br> Plaintiffs, <br><br> vs. <br><br> **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** <br><br> Defendant. | CASE NO. <br><br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States"[3] and at the expense of the United States[4], by and through the undersigned counsel, hereby removes the above-captioned action from the Superior Court of New Jersey, Ocean County, to the United State District Court for the District of New Jersey pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.  In support of removal, Liberty Mutual respectfully asserts as follows:

---

[1] *See* 42 U.S.C. §4001 *et seq*.
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *McGair v. Am. Bankers Ins. Co. of Fl.,* 693 F.3d 94 (1st Cir. 2012); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998); *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006)
[4] *C.E.R. 1988, Inc. v. Aetna*, 386 F. 3d 263 (3d Cir. 2004) *citing Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998)

I.      REVIEW OF PLAINTIFFS' COMPLAINT

1.      On or about October 8, 2013, Plaintiffs, Michael S. Torre and Geraldine A. Torre, filed this lawsuit in the Superior Court of New Jersey, Ocean County entitled *"Michael S. Torre and Geraldine A. Torre v. Liberty Mutual Fire Insurance Company"* bearing docket number L-2701-13. Plaintiffs' Complaint seeks to recover flood benefits against Liberty Mutual in its capacity as their flood insurer under the Standard Flood Insurance Policy issued to them by Liberty Mutual for flood damages to their property allegedly caused by Hurricane Sandy. A true and accurate copy of the Complaint and all pleadings served upon Metropolitan to date are attached hereto at **Exhibit A**.

2.      Plaintiffs' Complaint alleges, in relevant part, that Plaintiffs own the property located at 1234 Ocean Avenue in the Borough of Mantoloking, New Jersey (the "Premises"). (Exhibit A, ¶ 1). Plaintiffs further allege that they purchased a flood insurance policy from Liberty Mutual that was in effect from October 18, 2012 through October 18, 12013. (Id. at ¶ 3).

3.      On October 29, 2012, Hurricane Sandy caused flooding damage to the Premises. (Id. at ¶ 7). Plaintiffs submitted a claim under the Policy to Liberty Mutual for damage caused to the Premises. (Id. at ¶ 8). Liberty Mutual paid for some of the flood damage caused by Hurricane Sandy, but allegedly failed and refused to pay for the cost of removal of non-owned debris that was deposited onto the Premises. (Id. at ¶ 9).

4.      Plaintiffs allegedly paid the sum of $15,520 for the removal of non-owned debris that was deposited in and on the Premises by Hurricane Sandy. (Id. at ¶ 10). Plaintiffs allegedly made demand on Liberty Mutual to reimburse them $15,520 and Liberty Mutual has failed and refused to do so, which Plaintiffs contends is a breach of the SFIP. (Id. at ¶ 11)

5.      As a result of the foregoing Plaintiffs contend that there is due and owing from Liberty Mutual the sum of $15,520 together with interest thereon from October 29, 2013 and the

costs of this action. (Id. at ¶ 12).

6. There is no question that Plaintiffs are suing Liberty Mutual for breach of the provisions of their NFIP SFIP. (Id. at ¶ 11) and are seeking an additional payment of at least Fifteen Thousand Five Hundred Twenty dollars and 00/100 ($15,520.00) with interest from October 29, 2013 together with the costs of this action, and such other and further relief that the Court deems just and equitable under the premises. (Id. at Prayer for Relief)

## II. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

7. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for policy administration, adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

8. Liberty Mutual, as a WYO Program carrier, is authorized to issue the SFIP on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

9. Liberty Mutual cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

10. Further, Liberty Mutual has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

11. Liberty Mutual's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Liberty Mutual, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f)

and 42 U.S.C. §4071(a)(1).

12. As per the Arrangement, all fund receipt, recording, control, timely deposit requirements and disbursements in connection with All Policy Administration and any other related activities or correspondences, must meet all requirements of the Financial Control Plan. 44 C.F.R. Pt. 62, App. A, Art. II (A)(1).

13. All flood claim payments made by a WYO Program carrier, such as Liberty Mutual, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III (D)(1), (2) and (3). The Third Circuit has recognized that that "the Program is funded through the National Flood Insurance Fund established by FEMA in the United States Treasury." *C.E.R. 1988, Inc. v. Aetna*, 386 F. 3d 263 (3d Cir. 2004) *citing Van Holt*, *supra*, 163 F.3d 161, at 165; *see also Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006); *McGair v. Am. Bankers Ins. Co. of Fl.*, 693 F.3d 94 (1st Cir. 2012); *Gowland*, 143 F.3d at 955. "[I]in essence, the insurance companies serve as administrator's for the federal program. It is the Government, not the companies, that pays the claims." *C.E.R. 1988, Inc.,* 386 F. 3d at 266; *Palmieri,* 445 F.3d at 183-84.

14. Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Liberty Mutual. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

15. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two

paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies= activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

16. The Arrangement specifically provides that loss payments made by WYO Program carriers include payments as a result of litigation that arises under the scope of this Arrangement, and authorities set forth herein. 44 C.F.R. Pt. 62, App. A, Article III (D)(2).

17. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, *supra*, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

Id. at 881.

## III. FEDERAL JURISDICTION

### A. 42 U.S.C. §4072 – Original Exclusive Jurisdiction

18. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP. *See C.E.R. 1988, Inc., supra*, 386 F.3d at 266; *Palmieri*, *supra*, 445 F.3d at 187.

19.     Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Liberty Mutual is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

      B.      **28 U.S.C. §1331 - Federal Question Jurisdiction**

20.     The SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

21.     In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive or who is the proper payee(s) under the codified SFIP (*see* 44 C.F.R. Pt. 61, App. A(1), Art. II(A)), the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). The Eighth Circuit has opined on the nature of the SFIP as follows:

> The policy the Mancinis bought is more than a contract: it is also a regulation of the

> Federal Emergency Management Agency, stating the conditions under which flood insurance funds may be disbursed to eligible policy holders. See 44 C.F.R. §61.13 (1997).

*Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the terms, conditions, requirements, payees, and coverage provided thereunder, and any amounts due under the SFIP would require the interpretation of federal law which presents several substantial federal questions. *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 380 (4th Cir. 2004).

22. The NFIA also provides that the Administrator is authorized to undertake and carry out such studies and investigations and receive or exchange such information as may be necessary to estimate, and shall from time to time estimate, on an area, subdivision, or other appropriate basis (1) the risk premium rates for flood insurance .... 42 U.S.C. §4014 (a).

23. The determination as to Liberty Mutual's decisions regarding payment of the flood insurance claim subject to the terms and conditions of the Plaintiffs' flood policy and any interpretation of the rules and regulations of the NFIP will require the Court to determine whether Liberty Mutual, as a WYO carrier, followed the federal requirements under the NFIA and require the Court to review and interpret the applicable rules and regulations governing the WYO Company's compliance with the written standards, procedures, and guidance issued by FEMA or the FIA which will involve several substantial federal questions.

24. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, such that the case is also removable pursuant to 28 U.S.C. §1441.

25. Plaintiffs' Complaint clearly asserts that there was a valid enforceable NFIP flood insurance contract between Liberty Mutual and Plaintiffs. (**Exhibit A**, at ¶¶ 3-12). Clearly,

Plaintiffs made a claim to recover flood insurance benefits under their NFIP SFIP for damages to their property allegedly caused by flooding associated with Hurricane Sandy and are seeking the enforcement of their NFIP SFIP contract, *i.e.*, breach of contract. (Id. at ¶ 11).  As such, the payment that Plaintiffs seek from Liberty Mutual under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government.  *C.E.R. 1988, Inc. v. Aetna*, 386 F. 3d 263 (3d Cir. 2004) *citing Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, at 165; *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2nd Cir. 2006); *McGair v. Am. Bankers Ins. Co. of Fl.*, 693 F.3d 94 (1st Cir. 2012); *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

26. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Liberty Mutual asserts that there are multiple federal questions presented within the Plaintiffs' Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

### C. U.S. Treasury Funds Are at Stake

27. Whether or not Liberty Mutual has breached a standard of care in this litigation, Liberty Mutual's role as a WYO Program carrier takes place as the fiscal agent of the United States. *See* 42 U.S.C. §4071(a)(1) and 44 C.F.R. Pt. 62, App. A, Art. III.  NFIP claims are funded by the U.S. Treasury. *Palmieri*, 445 F.3d at 183.  FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA."  44 C.F.R. § 62.23(i)(1).  FEMA's "Arrangement" with the WYO Program companies (such as Liberty Mutual) also makes clear that federal funds are utilized to pay the claims directly, and not through a reimbursement mechanism. *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), and IV(A); *See also Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 at FN 10 (9th Cir. 2000), *cert denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

28. Regarding the instant litigation, FEMA's Arrangement with the WYO Program carriers establishes that all of Liberty Mutual's defense costs will be paid by the Program if litigation

arises. 44 C.F.R. Pt. 62, App. A, Art. III(C)(3), and Art. III(D)(2); *see also* 44 C.F.R. Pt. 62.23(i)(b) and (9); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001).

29. In addition to the foregoing, the scope of the Arrangement between the United States government and Liberty Mutual includes within its scope the "selling and administering" of standard flood insurance policies with federal funds. 44 C.F.R. Pt. 62, App. A, Art. I, (5) and (6). As Liberty Mutual has engaged in these activities "…in a fiduciary capacity…" all of Liberty Mutual's activities are "…extensively regulated… when selling or administering the Standard Flood Insurance Policy." *Id*. These points are further made clear by Arrangement Articles II(A), (D) and (G). Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigation expenses are born by the U.S. Treasury.

30. Finally, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012). There is no question that federal funds are at stake in the selling and marketing and issuance of SFIPs and in the payment of flood insurance claims under SFIPs.

### IV. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE COMPLAINT BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

31. Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like 42 U.S.C. §1442, 28 U.S.C. §1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the plaintiff's complaint bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the pleading. *Uncle Ben's International Division of Uncle Ben, Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988);

*Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

1.  Clearly, under the NFIA, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co.*, 386 F.3d 263 (3d Cir. 2004):

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, et seq., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012(b). In <u>Barnett Bank of Marion County v. Nelson</u>, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

<u>Id.</u> at 268, fn. 3.

32.  Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates the subjects of rating, claims, and claims handling, as well as "the conditions of insurability." *See, e.g.,* 42 U.S.C §§4013, 4014 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiffs' Complaint and so removal of the matter is proper pursuant to 28 U.S.C. §1337.

**V.   THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

33.  To the extent that any of Plaintiffs' claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367; *Exxon Mobile Corp. v. Allapattah*

*Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

34. All of the claims at issue in Plaintiffs' Complaint arise from the damages that they allegedly sustained as a result of the issuance of a flood policy, breach of the flood policy, and their efforts to recover flood benefits for damages to their property allegedly caused by flooding associated with Hurricane Sandy. As such, all of Plaintiffs' claims against Liberty Mutual arise from the same nucleus of operative fact, that being the underlying claim to recover flood insurance benefits, and all of the insurance issues arising therefrom under the Act. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See*, *e.g.*, *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000).

## VI. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

35. Liberty Mutual's first knowledge or notice of this action was on October 8, 2013. Accordingly, this Notice of Removal is timely filed within the 30-days allowed pursuant to 28 U.S.C. § 1446(b).

36. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

37. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a copy of all processes, pleadings, and orders served on Defendant to date.

38. Pursuant to 28 U.S.C. §1446(d), a notice of this removal is being served upon Plaintiff's counsel and the Clerk of the Superior Court of New Jersey, Ocean County.

## CONCLUSION

WHEREFORE, Defendant, Liberty Mutual Fire Insurance Company, prays that this Notice of Removal be deemed good and sufficient, and that this matter be accepted onto this Court's docket.

Respectfully Submitted,

Dated: November 1, 2013  **CARROLL MCNULTY & KULL LLC**

BY:   */s/ Nicholas A. Vytell*
Nicholas A. Vytell, Esq.
Gary S. Kull, Esq.
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Tel.    908.848.6300
Fax    908.848.6310
nvytell@cmk.com
gkull@cmk.com
***Local Counsel for Defendant, Liberty Mutual Fire Insurance Company***

Keith M. Detweiler, Esq.
(pending admission *pro hac vice*)
Nielsen, Carter & Treas, LLC
3838 North Causeway Blvd., Ste. 2850
Metairie, LA  70002
Tel.    504.837.2500
Fax    504.832.9165
kdetweiler@nct-law.com
***National Counsel for Defendant, Liberty Mutual Fire Insurance Company***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL S. TORRE and GERALDINE A. TORRE**,<br><br>Plaintiffs,<br><br>vs.<br><br>**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**<br><br>Defendant. | CASE NO. |

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Nicholas A. Vytell, Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, other than the state court action being removed to this Court. I am further presently aware of the names of no other parties that should be joined in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LOCAL CIVIL RULE 201.1 STATEMENT**

Pursuant to Local Civil Rule 201.1(d)(2), Defendant, Liberty Mutual Fire Insurance Company ("Defendant"), respectfully requests that the matter in controversy **not** be referred to Compulsory Arbitration because this action concerns a claim made under a Standard Flood Insurance Policy ("SFIP") which is a codified federal law found at 44 C.F.R. Pt. 61, App. A(1). The SFIP and the National Flood Insurance Program ("NFIP") are strictly regulated by federal law and the Federal

Emergency Management Agency.  Moreover, the SFIP is underwritten by the U.S. Treasury and all flood loss claims are paid directly with U.S. Treasury funds.  <u>Van Holt v. Liberty Mutual Fire Ins. Co.</u>, 163 F.3d 161, 165 (3rd Cir. 1998).  Any payments made contrary to the terms and conditions of the SFIP and NFIP would violate the Appropriations Clause of the U.S. Constitution.  Accordingly, Defendant respectfully submits that this matter is not appropriate for arbitration or mediation at this time.

Dated: November 1, 2013                           **CARROLL MCNULTY & KULL LLC**


BY:     /s/ Nicholas A. Vytell
       Nicholas A. Vytell, Esq.
       Gary S. Kull, Esq.
       120 Mountain View Boulevard
       P.O. Box 650
       Basking Ridge, New Jersey 07920
       Tel.    908.848.6300
       Fax     908.848.6310
       nvytell@cmk.com
       gkull@cmk.com
       *Local Counsel for Defendant, Liberty Mutual Fire Insurance Company*

       Keith M. Detweiler, Esq.
       (pending admission *pro hac vice*)
       Nielsen, Carter & Treas, LLC
       3838 North Causeway Blvd., Ste. 2850
       Metairie, LA  70002
       Tel.    504.837.2500
       Fax     504.832.9165
       kdetweiler@nct-law.com
       *National Counsel for Defendant, Liberty Mutual Fire Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that Defendant, Liberty Mutual Fire Insurance Company's, Notice of Removal, Certification Pursuant to Local Civil Rule 11.2, and Local Civil Rule 201.1 Statement were filed on this date with the Clerk of Court for the United States District Court for the District of New Jersey by using the CM/ECF system and understand that electronic notice of the filing will automatically be sent to all counsel of record. I hereby further certify that copies of the foregoing documents were sent by U.S. Certified Mail, Return Receipt Requested and Regular Mail to the following:

Michael S. Torre
Geraldine A. Torre
281 Vineyard Road
Huntington Bay, New York 11743
Tel. 631.637.0549
**Plaintiffs Appearing** *Pro Se*

I hereby further certify that on this date a copy of the foregoing Notice of Removal was sent along with a Notice to the state court in accordance with 28 U.S.C. 1446(d) by U.S. Mail to the following:

Civil Clerk
Superior Court of New Jersey, Ocean County
118 Washington Street, Room 121
Toms River, New Jersey 08754

Dated: November 1, 2013                           **CARROLL MCNULTY & KULL LLC**


BY:   */s/ Nicholas A. Vytell*
      Nicholas A. Vytell, Esq.
      120 Mountain View Boulevard
      P.O. Box 650
      Basking Ridge, New Jersey 07920
      Tel.   908.848.6300
      Fax    908.848.6310
      nvytell@cmk.com
      *Local Counsel for Defendant, Liberty Mutual Fire Insurance Company*