NOT FOR PUBLICATION

RECEIVED

APR 2 4 2014

4 · 3·30_____ M
WILLIAM T WALSH CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Michael S. TORRE and Geraldine A. TORRE,

        Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.

Civ. No. 13-6665

OPINION

THOMPSON, U.S.D.J.

## I. **INTRODUCTION**

    This matter is before the Court upon two motions for summary judgment: (1) Michael
Torre and Geraldine Torre's motion for summary judgment, (Docket No. 16); and (2)
Defendant's motion for summary judgment, (Docket No. 17). The Court has decided the matter
upon consideration of the parties' written submissions pursuant to Local Rule 78(b). For the
reasons set forth below, Defendant's motion is granted and Plaintiffs' motion is denied.

## II. **BACKGROUND**

    Michael S. Torre and Geraldine A. Torre (hereinafter, "Plaintiffs") are the owners of real
property and the building/structures located at 1234 Ocean Avenue, Mantoloking, New Jersey.
Plaintiffs are the holders of a National Flood Insurance Program Dwelling Form Standard Flood
Insurance Policy bearing Policy No. FF2-231-348312-102 (hereinafter, "Plaintiffs' SFIP").
(Docket No. 19, Ex. C). The Policy was issued by Liberty Mutual Fire Insurance Company
(hereinafter, "Defendant").

On October 29, 2012, Plaintiffs' property was damaged by Hurricane Sandy. Plaintiffs reported a claim under their SFIP for damages to the covered building/structure as a result of flooding associated with Hurricane Sandy that occurred on or about October 29, 2012. During the claim handling process, Plaintiffs submitted a supplemental claim for $15,520 to "have debris removed from [Plaintiffs'] property." (Docket No. 16, Plaintiffs' Certification, ¶ 11; Docket No. 19, Ex. D).

To address Plaintiffs' supplemental claim, an independent adjuster performed a supplemental adjustment of the claim and issued a supplemental report on August 1, 2013. (Docket No. 19, Ex. E). Defendant then reviewed and verified the independent adjuster's recommendations and issued payment on August 23, 2013 in the amount of $5,179.34 for Plaintiffs' supplemental claim. (Docket No. 19, Exs. E, F).

Plaintiffs' lawsuit was filed for the specific purpose of obtaining a court order requiring Defendant to pay for the removal of debris that was deposited by Hurricane Sandy on Plaintiffs' property outside the exterior perimeter walls of Plaintiffs' building/structure located at 1234 Ocean Avenue, Mantoloking, New Jersey. Plaintiffs filed this suit in the Superior Court of New Jersey, Ocean County seeking a demand judgment against Defendant for $15,520 with interest. (Docket No. 1). Defendant removed this action to this Court on November 1, 2013.

## III. DISCUSSION

### A. Legal Standard

On a motion for summary judgment, the moving party will prevail if it establishes that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986) (existence of a factual dispute will not defeat summary judgment; rather, the dispute must be genuine and the

2

fact must be material); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A question of fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## B. Analysis

This case centers on one issue: whether Plaintiffs' SFIP covers the removal of debris deposited outside the exterior perimeter walls of Plaintiffs' building/structure located at 1234 Ocean Avenue, Mantoloking, New Jersey.

Plaintiffs' SFIP is a standardized insurance policy that was made available to landowners in flood-prone areas under the National Flood Insurance Act of 1968. Defendant cannot change Plaintiffs' SFIP "without the express written consent of the Federal Insurance Administrator." (Docket No. 19, Ex. B, Art. VII (D)). All flood claims presented to Liberty Mutual under Plaintiffs' SFIP are paid directly with U.S. Treasury funds. 44 C.F.R. Pt. 62, App. A, Art. III (D).

Because any claim paid under Plaintiffs' SFIP is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947) (holding that insured must strictly comply with all terms and conditions of federal insurance policy and recognizing duty of courts to observe conditions defined by Congress for charging the public treasury). Therefore, this Court must strictly enforce the requirements and provisions of Plaintiffs' SFIP.

3

There are several provisions of Plaintiffs' SFIP that are relevant to this dispute. The

opening provision of Plaintiffs' SFIP states the following:

> The flood insurance provided is subject to limitations, restrictions and exclusions.
> This policy covers only: (1) A non-condominium residential building designed for
> principal use as a dwelling place of one to four families, or (2) A single family
> dwelling unit in a condominium building.

(Docket No. 19, Ex. B). Article II of the Plaintiffs' SFIP provides the following relevant

definitions regarding what property is covered by Plaintiffs' SFIP:

> (6) (a) Building. A structure with two or more outside rigid walls and a fully
> secured roof, that is affixed to a permanent site;
>
>         *      *      *
>
> (11) Described Location. The location where the insured building(s) or personal
> property are found. The described location is shown on the Declarations Page.
>
>         *      *      *
>
> (13) Dwelling. A building designed for use as a residence for no more than four
> families or a single-family unit in a building under a condominium form of
> ownership.
>
>         *      *      *
>
> (21) Policy. Only one dwelling, which you specifically described in the
> application, may be insured under this policy.

(Docket No. 19, Ex. B). In addition, several pertinent provisions of Plaintiffs' SFIP state

4

the types of flood damage that are not covered by the policy:

> We do not cover any of the following property:

> (1) Personal property not inside the fully enclosed building;

> *       *       *

> (6) Land, land values, lawns, trees, shrubs, plants, growing crops, or animals;

> *       *       *

> (9) Those portions of walks, walkways, decks, driveways, patios, and other surfaces, all whether protected by a roof or not, located outside the perimeter, exterior walls of the insured building or the building in which the insured unit is located;

> *       *       *

> (12) Fences, retaining walls, seawalls, bulkheads, wharves, piers, bridges, and docks. . . .

(Docket No. 19, Ex. B, Art. IV).  In addition, Article V (A) of the Plaintiffs' SFIP states

additional types of flood damage that are not covered by the policy:

> We only provide coverage for direct physical loss by or from flood, which means that we do not pay you for:

> *       *       *

> (2) Loss of access to the insured property or described location;

> (3) Loss of use of the insured property or described location;

> *       *       *

> (6) The cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation, or repair of property, including removal of any resulting debris . . . .

(Docket No. 19, Ex. B, Art. V).  Plaintiffs' SFIP is also clear as to what debris removal is

covered by the SFIP.  Article III (C) of the Plaintiffs' SFIP specifically states "we will pay the

expense to remove non-owned debris on or in insured property and owned debris anywhere."

(Docket No. 19, Ex. B).

When the language of Article III(C) is read in the context of Plaintiffs' entire SFIP, it is

clear that "debris removal is covered only if the debris is in or on the building . . . The contract

clearly only covers removal of debris that has an origin, prior to the flood, beyond the boundaries

of the insured premises that as a result of the flood, subsequently end up in or on the insured

building." *Keating v. State Farm Fire & Cas. Co.*, CIV.A. 01-5057, 2002 WL 32348340, *3 (E.D. Pa. Mar. 15, 2002).

Here, it is clear that the Plaintiffs' SFIP provides debris removal coverage to pay for the expense of removing non-owned debris on or in the building/structure located at 1234 Ocean Avenue, Mantoloking, New Jersey. However, Plaintiffs' SFIP does not cover the expense of removing non-owned debris in Plaintiffs' lot or any other land located outside the perimeter walls of the covered building/structure. Accordingly, Plaintiffs' claim against Defendant for payment of additional flood benefits under their SFIP for the non-covered debris removal must be dismissed as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is denied and Defendant's motion is granted. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: